RULE TO DISMISS
Before SAMUEL, STOULIG and MORIAL, JJ.
SAMUEL, Judge.
This is a suit for $690, plus 20% attorney’s fees, allegedly due as damages under a construction contract between plaintiff and the defendant. Plaintiff appealed from a judgment dismissing both the original and the reconventional demands. The matter is before us on our ex proprio motu rule (the issue is jurisdictional) to show cause why the appeal should not be dismissed on the apparent ground that the appeal bond was not filed timely.
The case was heard in the trial court on April 3, 1974. On that date it was submitted and taken under advisement. Judgment was read, rendered and signed in open court April 8, 1974 and notice of judgment was mailed to counsel on that date. There was no application for a new trial. The motion and order of appeal, the latter setting the appeal bond in the sum of $100, were filed and signed on April 17, 1974. The appeal bond was filed April 29, 1974.
As this case was in a city court and involves more than $100, Code of Civil Procedure Article 5002 is applicable. That article provides:
“The delay for answering shall be stated in the citation. This delay shall be five days, exclusive of legal holidays, after service of citation on the defendant, except when the citation is served on a defendant through the secretary of state, in which event this delay shall be fifteen days after such service as to all defendants.
A defendant shall incorporate in his answer all of the exceptions on which he intends to rely. No prior default is necessary, and judgment may be rendered as provided in Article 4896. Notice of the rendition of judgment is not necessary, except as provided in Article 4898. The delay for answering garnishment interrogatories shall be five days, exclusive of legal holidays.
A new trial may be applied for within three days, exclusive of legal holidays, of the date of judgment or of the service of notice of judgment when necessary.
A devolutive or suspensive appeal to the proper appellate court may be granted if applied for within ten days after the expiration of the delays for applying for a new trial, or within ten days of the denial of a new trial.
The suspensive appeal bond, as required by the applicable provisions of Article 2124, must be filed within the delays allowed above for a suspensive appeal.
*793 The devolutive appeal bond, as required by the applicable provisions of Article 2124, must be filed within the delays allowed above for a devolutive appeal.” LSA-C.C.P. Art. 5002.
The last three paragraphs of the quoted article requires the appeal be applied for, and the appeal bond be filed, “within ten days after the expiration of the delays for applying for a new trial”. The third paragraph of the article sets a delay of “three days, exclusive of legal holidays, of the date of judgment or of the service of notice of judgment when necessary” within which to apply for a new trial. Thus, if service of notice of judgment was not required in the instant case the delay for applying for a new trial expired April 11, 1974 and as April 21 was a Sunday and a legal holiday, the last day for both applying for this appeal and filing the appeal bond was April 22, 1974.
Counsel for appellant argues: He did not receive the mailed notice of judgment until April 11, 1974. The following day was a legal holiday, Good Friday, and it was followed by a holiday weekend. Therefore, appellant’s time for applying for a new trial extended through April 17, 1974, from which date he had ten days to perfect the appeal. The tenth day was the 27th, a Saturday and a legal holiday, so the time for applying for the appeal and filing the bond extended through the next Monday, April 29. Therefore, as the appeal bond was filed on the 29th and the motion of appeal was filed prior to that time, the appeal has been timely filed and perfected.
 We cannot agree with the argument. As has been pointed out, the third paragraph of Article 5002 provides a new trial may be applied for within three days, exclusive of legal holidays, of the date of judgment or of the service of notice of judgment when necessary. The third sentence of the second paragraph states notice of rendition of judgment is not necessary except as provided in Article 4898. Code of Civil Procedure, Article 4898 reads:
“Notice of judgment shall be served on a defendant against whom judgment is rendered if the citation was not served on him personally, and he failed to answer.
Notice of judgment need not be given in any other case.” LSA-C.C.P. Art. 4898.
Thus, notice of judgment is required in city courts only when a defendant was not personally served and did not answer. In this case the judgment appealed from ,was rendered after service, answer and trial. The delay for applying for a new trial did not begin to run upon receipt of the notice of judgment; notice of judgment being unnecessary, it began to run, as provided by the article, on the date of judgment. The appeal bond was filed too late ánd the appeal must be dismissed.
For the reasons assigned, the appeal in this matter is dismissed.
Appeal dismissed.