COVINGTON, Judge:
This matter came before the court through application by James M. Boone for writs of certiorari or review, complaining that the trial judge improvidently refused to dismiss an untimely motion for a new trial filed by William M. Robertson.
An alternative writ of mandamus was issued by this court on May 4, 1976, directing the trial judge to dismiss the application or, in the alternative, to show cause why the writ should not be made peremptory and, in case of the latter, that a writ of certiorari issue, directing him to transmit the record to us. The order further stayed all proceedings in the City Court pending action by this court.
The trial judge declined to dismiss the application for a new trial. The record, together with a per curiam by Judge Can-gelosi, is now before the court.
The pertinent chronology of events is: suit was filed by plaintiff on October 16, 1975, claiming that the defendant owed him $1,000.00; personal service was made on the defendant on October 20, 1975, and he filed his answer on October 24, 1975. The case was tried on February 13, 1976, with the plaintiff appearing in proper person and the defendant being personally present and represented by counsel. The court then took the matter under advisement and on March 22, 1976, handed down Written Reasons for Judgment; in accordance therewith, judgment was signed on March 26, 1976, in favor of the plaintiff in the principal amount of $329.18.
On April 5, 1976, the defendant’s counsel filed a motion for a new trial. On April 12, 1976, the plaintiff filed a motion to dismiss the application as being untimely. On April 26, 1976, the trial judge overruled the plaintiff’s motion and granted the new trial. The matter is before us now through the procedure set out in the first paragraph hereof.
The position of the trial judge is that the application for a new trial was timely because it was made within three (3) days of the defendant receiving notice, by inquiry, of the formal judgment. He notes that no *514 notice of judgment was mailed to the defendant.
This case is governed by the provisions of C.C.P. arts. 4898 and 5002.
Article 4898 provides that notice of judgment “shall be served on a defendant against whom judgment is rendered if the citation was not served on him personally, and he failed to answer. Notice of judgment need not be given in any other case.” (Emphasis added).
Article 5002, under Title III, “Cases Involving More Than One Hundred Dollars”, affecting City Courts provides, in pertinent part:
“Notice of the rendition of judgment is not necessary, except as provided in Article 4898.”
* * * * * *
“A new trial may be applied for within three days, exclusive of legal holidays, of the date of judgment or of the service of notice of judgment when necessary.”
It is noted that Article 5002 specifically refers back to Article 4898.
Therefore, notice of judgment is required in City Court only when a defendant is not personally served and does not answer; Acme Construction Co., Inc. v. Douglas, 297 So.2d 791 (La.App. 4 Cir., 1974).
Since the defendant, under article 4898, was not entitled to a notice of judgment, he having not only been personally served but also having filed an answer, the delay for filing the motion for a new trial began to run from the date of judgment and the motion was untimely.
Therefore, the writ is made peremptory and it is hereby ordered, adjudged, and decreed that the trial court recall its order granting the defendant a new trial and dismiss the motion for the same. Costs of this application are assessed against the respondent.
REMANDED WITH DIRECTIONS.